UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS                                                      NO. 09-77

BRIAN SMITH                                                 SECTION "B"


**ORDER AND REASONS**

Petitioner, Brian Smith's § 2255 motion to vacate, set aside or correct his convictions and sentences on the ground of ineffective assistance of counsel, under 21 U.S.C. § 841(a)(1) is **DENIED**.

On March 12, 2009 Smith, represented by counsel, pled guilty to violations of the Federal Controlled Substances Act pursuant to a plea agreement with the government. The plea agreement was signed by Smith, his attorney, and the government's attorney. In the agreement, the parties agreed that if the court accepted Smith's guilty plea, he would not be charged with additional criminal offenses, except for crimes of violence. In addition, the agreement also acknowledged the maximum penalty for both counts was twenty years.

At re-arraignment, while under oath, Smith swore to the accuracy of the two-page factual basis describing his criminal conduct. (Rec. Doc. 34, p. 15). He swore that he was not made any additional promises outside of those contained within the

1

written plea agreement.  (Rec. Doc. 34, p. 13).  Finally, he swore that he understood the nature and maximum penalties of his charges and reviewed them with his attorney.  (Rec. Doc. 34, p. 7, 9).

On January 6, 2010, Smith was sentenced to 170 months in prison. This sentence was within the statutory guidelines and below the twenty year maximum stated in the plea agreement. At sentencing, the court specifically stated that it had considered Smith's variance memorandum but also other factors, including prior criminal history and the fact that he was on active disposition from one of the state convictions and within a certain period of time from another.  (Rec. Doc. 33, p. 21). The District Court then determined that, according to the guidelines, Smith met the criteria for "career offender" status and calculated the sentence accordingly.

On January 13, 2010, Smith filed a timely notice of appeal. (Rec. Doc. 29).  By mandate, the court of appeals affirmed the district court's sentence and held that Smith failed to rebut the presumption of reasonableness in regards to his sentencing. (Rec. Doc. 41).  On April 7, 2011, Smith filed this collateral attack pursuant to 28 U.S.C. § 2255.

## Law and Analysis

In evaluating a claim for ineffective assistance of counsel, the proper standard for review was set forth by the

2

Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). Under Strickland, a claim must pass a doubly deferential test by showing both deficient performance and prejudice. Id. at 687. Both elements must be present to successfully support a claim of ineffective counsel. Id. Furthermore, the court is not compelled to address these in a particular order; rather, if it finds that a petitioner has failed to demonstrate either of the elements, the claim may be rejected. Id. at 697. Smith has failed to overcome the first prong of Strickland because he fails to assert any facts that his counsel acted unreasonably; therefore, he fails to pass the Strickland test.

In regards to performance under the first prong of Strickland, "the proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Id. at 688. Furthermore, judicial scrutiny of counsel's performance is highly deferential, and counsel's conduct is presumed to fall within a wide range of reasonable professional assistance. Strickland, 466 U.S. at 687; Soffar v. Dretke, 368 F.3d 441, 471 (5th Cir. 2004). To rebut the presumption of reasonableness, "the petitioner must show that counsel made errors so serious that he was not functioning as 'counsel' guaranteed to a defendant under the Sixth Amendment." Woodfox v. Cain, 609 F.3d 774, 799 (5th Cir. 2010), citing Strickland, 466 U.S. at 687. Smith fails to point to any particular facts or errors that are

3

"so serious" as to rebut the strong presumption of reasonableness in favor of counsel's performance.

**First Claim**

Smith first alleges that his counsel was ineffective for coercing him into entering a plea agreement. Specifically, he alleges that his attorney did not go over the "details" of the agreement or the true nature of the agreement. However, Smith's assertions are directly contradicted by his sworn statements at re-arraignment. At re-arraignment, he twice acknowledged that he understood the nature and consequences of the charges against him and the plea agreement:

> **The Court:** All right. Mr. Smith, do you understand the nature of the charges and the maximum penalties?
> **The Defendant:** Yes, Sir.

(Rec. Doc. 34, p. 7).

> **The Court:** Now, I know that you acknowledged understanding the charges in the indictment against you, but have you received a copy of the indictment and gone over it with your lawyer?
> **The Defendant:** Yes, sir.

(Rec. Doc. 34, p. 9).

The Supreme Court has held that when an attorney represented on the record that he had explained to his client the elements of a charge and the client then confirmed that this representation was true, the client is then deemed to have understood the nature of the charges against him. <u>Bradshaw v. Stumpf</u>, 545 U.S. 175, 125 S.Ct. 2398 (2005).  "We have never held that the judge must himself explain the elements of each

4

charge to the defendant on the record. Rather, the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel." Id. at 183, 2405. Smith acknowledged, twice, that his attorney had explained to him and he understood the nature and consequences of the charges against him. Therefore, according to Supreme Court precedent, his *post hoc* claim of ineffective assistance of counsel must fail.

**Second Claim**

Smith next alleges that his counsel was ineffective for failing to advise him that he would have no right to withdraw his guilty plea pursuant to Fed. R. Crim. P. 11(c)(3)(B). Under rule 11(c)(3)(B), in the event of a Rule 11(c)(1)(B) plea agreement, the court must advise the defendant that he has no right to withdraw his plea. Therefore, the court's duty to inform the defendant is only triggered in the event of a Rule 11(c)(1)(B) agreement, and absent such an agreement, the rule is inapplicable.

In this case, there was no rule 11(c)(1)(B) agreement. The government did not agree to recommend or oppose a particular sentence. Smith's plea agreement did not contain such a provision. As a result, rule 11(c)(3)(B) was never triggered

5

and, thus, his contentions of ineffective counsel based on that rule are without merit.

**Third Claim**

Smith alleges further that his counsel was ineffective for not, prior to sentencing, filing a motion to determine competency under 18 U.S.C. § 424(a). He alleges mental incompetency because he has been a drug addict for over a decade and only possesses a sixth grade education.

A district court's determination of competency is a mixed question of law and fact and will not be reversed unless it is "clearly arbitrary or unwarranted," which is "a species of clear error review." United States v. Doke, 171 F.3d 240, 247 (5th Cir. 1999). Therefore, in order for Smith to be successful in this claim, the district court's determination of competency would have to be clearly erroneous.

Both the Supreme Court and the Fifth Circuit have held that the test used for determining mental competency is the same at both the trial level and when entering into a plea. Godinez v. Moran, 509 U.S. 389, 389-399 (1993); Malinauskus v. United States, 505 F.2d 649, 654 (5th Cir. 1974). The test is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362

U.S. 402 (1960); Franklin v. United States, 589 F.2d 192, 194 (5th Cir. 1979). Upon review of the record, there are no facts that support Smith's claim that he was incompetent in any way, or that the district court's determination of competency was erroneous in any way.

Smith's level of education is inconclusive to the determination of competency. Instead, Smith affirmatively acknowledged that he understood the nature of the charges against him and went over them with his attorney at his re-arraignment. (Rec. Doc. 34, p.8-9). Further, he acknowledged that he was competent enough to have a rational as well as factual understanding of the proceedings against him, which is all the standard requires.

The Fifth Circuit has held that addiction to narcotics does not *per se* render a defendant incompetent to stand trial or enter a guilty plea. See United States v. Robinson, 530 F.2d 677, 679 (5th Cir. 1976); Jackson v. United States, 512 F.2d 772, 773 (5th Cir. 1975). In addition, at re-arraignment Smith stated the following:

> **THE COURT:** How would you describe your overall physical and mental health?
> **THE DEFENDANT:** I'm in great shape.
> **THE COURT:** I'm sorry, you said good or...
> **THE DEFENDANT:** Yes, sir.

(Rec. Doc. 34, p. 8).

> **THE COURT:** Are you under the influence of any drug, alcohol, any substance, legal or otherwise?

7

>**THE DEFENDANT:** No, sir.
>**THE COURT:** Now, I know you acknowledged understanding the charges in the indictment against you, but have you received a copy of that indictment and gone over it with your lawyer?
>**THE DEFENDANT:** Yes, sir.

(Rec. Doc. 34, p. 9).

Smith's claim of ineffective counsel as a result of his incompetence is without merit. He can point to no facts that affirmatively demonstrate his incompetence. On the contrary, his statements at re-arraignment give strong support to the fact that he was competent according to the common test employed by the Supreme Court and the Fifth Circuit. Therefore, there is no clear error in finding Smith was competent to enter a knowing and voluntary guilty plea.

**Fourth Claim**

Smith alleges further that his counsel was ineffective for coercing him into the plea agreement on the promise that he would not be "habitualized or careered." Specifically, he argues that he agreed to sign the plea agreement on the promise that the government would not file a 21 U.S.C. § 851 enhancement. Once again, Smith's claim here lacks a factual basis and, therefore, is without merit.

Looking to the record, there is no such promise in the plea agreement that the government would not seek enhancements under § 851. (Rec. Doc. 18). In addition, even if the government had made the agreement, according to the record they never sought §

851 enhancements as Mr. Smith claims. Instead, Mr. Smith was sentenced according to the sentencing guidelines. Though his sentenced was enhanced, it was done so according to U.S.S.G. § 4B1.1. Furthermore, he received a sentence that was within the guidelines and less than the maximum discussed in the plea agreement. There is no factual basis for a claim of ineffective counsel based on a 21 U.S.C. § 851 enhancement.

**Fifth Claim**

Smith alleges finally that his counsel was ineffective for not raising the district court's alleged violations of Fed. R. Crim. P. 11(B)(3) on direct appeal. He claims that the district court violated rule 11(B)(3) by failing to determine the factual basis of his guilty plea. He argues that because his attorney failed to raise the issue on direct appeal, he was denied effective assistance of counsel.

Again Smith's claim is contradicted by the record. Converse to his assertion, the factual basis was established in the record and, in addition, signed by all parties: Mr. Smith, his attorney, and the government's attorney.  (Rec. Doc. 19). Furthermore, the factual basis was specifically addressed and acknowledged by him at re-arraignment.  (Rec. Doc. 34, p. 14-15).  In accepting the guilty plea, the court found there was a factual basis for same.

## **Conclusion**

For the foregoing reasons, **IT IS ORDERED** that the instant § 2255 motion is **DISMISSED**.

New Orleans, Louisiana, this 2nd day of November, 2011.

*[signature]*

UNITED STATES DISTRICT JUDGE